IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSEPH A. HARTMAN,**

                **Petitioner,**

       v.                                **CASE NO. 06-3116-RDR**

**JUDGE STRICKLAND,**

                **Respondent.**

**O R D E R**

Petitioner, a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN), proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2241. Having reviewed petitioner's limited financial resources, the court grants petitioner leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Petitioner seeks relief from a detainer lodged against him for outstanding criminal charges in Orange County, Florida, in Case No. CR-98-10244. The sole respondent named in the petition is Orange County District Court Judge Strickland.[1]

---

[1] Pursuant to the Rules Governing Habeas Cases in the United States District Courts, the proper respondents in this matter would be USPLVN Warden Terrell and the Attorney General for the State of Florida. *See* Advisory Notes to Rule 2 ("The applicant is in jail, prison, or other actual physical restraint but is attacking a state action which will cause him to be kept in custody in the future rather than the government action under which he is presently confined. The named respondents shall be the state or federal officer who has official custody of him at the time the petition is filed and the attorney general of the state whose action subjects the petitioner to future custody."). *See also* Brink v. Rouch, 677

Petitioner states he caused a demand for disposition of these criminal charges to be delivered to Orange County officials in April 2005, but was never transported to stand trial on said charges within the 180 day period provided in Article III of the Interstate Agreement on Detainers Act (IADA).[2]  Petitioner seeks dismissal of the Orange County charges and the detainer.  He also claims the pending detainer subjects him to the loss of good time and placement in a halfway house, and that his continued confinement in an aggravated hostile environment threatens his personal safety and causes him emotional distress and severe stress.

To the extent petitioner seeks dismissal of the Orange County charges, such relief must be sought in the appropriate federal judicial district in Florida after first exhausting remedies within the Florida state courts.[3]  *See* <u>Braden v. 30th Judicial Circuit</u>

---

F.Supp. 569 (C.D.Ill. 1988)(habeas corpus petition is properly presented against custodian rather than trial court judge).

[2]Article III(a) of the IADA reads in part:
"Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty (180) days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint[.]"

[3]No full exhaustion of Florida state court remedies is evident on the face of the petition. Petitioner cites motions he submitted to the Orange County District Court for dismissal of his pending charges, but identifies no resort to the Florida state appellate courts for assistance in obtaining judicial action on any of these pleadings.

Court, 410 U.S. 484, 494-95 (1973)("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Article V(c) of the IADA expressly provides that "[i]f the appropriate authority shall refuse or fail to accept temporary custody of such person, or in the event that an action on the indictment, information, or complaint on the basis fo which the detainer has been lodges is not brought to trial within the period provided in Article III or IV, the appropriate court *of the jurisdiction where the indictment, information, or complaint has been pending* shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect"(emphasis added). The District of Kansas has no jurisdiction to dismiss the Orange County charges.

To the extent petitioner challenges the impact of the allegedly invalid Orange County detainer upon his present confinement in the District of Kansas, relief can be pursued in this court. *See* Nelson v. George, 399 U.S. 224 (1970)(state is free to determine what effect, if any, a detainer by a sister state will have on a prisoner's custody). *See also* IADA, Article II(a)(IADA "state" includes the United States of America). Such relief is limited to dismissal of the Orange County detainer if the adverse impact of this detainer is established and it appears the underlying untried Orange County information, indictment, or complaint is subject to dismissal based on that state's noncompliance with the provisions of IADA. Although the underlying Orange County charges would remain

3

undisturbed, dismissal of the detainer lodged against petitioner at USPLVN could avoid further adverse impact on petitioner's classification, ability to earn good time, or placement in a halfway house.

To pursue such relief, petitioner must amend the petition to name the USPLVN warden as a respondent. Petitioner must also demonstrate his exhaustion of administrative remedies within the Bureau of Prisons (BOP). See Nelson, 399 U.S. at 229-30 (exhaustion of remedies to establish detainer's impact on present confinement). Petitioner identifies no administrative grievance presented to USPLVN officials, or any appeal to BOP officials, seeking relief from any adverse impact of the Orange County detainer. Absent supplementation of the complaint to make such a showing, the petition is subject to being dismissed without prejudice.[4] The failure to submit a timely and sufficient supplement may result in the petition being dismissed without prejudice and without further prior notice to petitioner.

IT IS THEREFORE ORDERED that petitioner's motion (Doc. 2) for leave to proceed in forma pauperis is granted.

---

[4] Petitioner's motion for an emergency injunction to prevent his transfer to the Ninth Judicial Circuit of Florida pursuant to the Orange County detainer is denied without prejudice. Petitioner is advised that even if habeas relief from the impact of the Orange County detainer is granted, Florida officials could still seek the extradition of petitioner to Florida. See e.g., Hickey v. Iowa, 349 N.W.2d 772 (1984)(court of sending state may dismiss detainer lodged against prisoner incarcerated within its borders where it appears the underlying indictment is subject to dismissal in courts of receiving state for failure to comply with provisions of IADA, but this does not prevent receiving state from using extradition process).

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to amend the petition to name USPLVN Warden Terrell as a respondent, and to supplement the petition to demonstrate petitioner's full exhaustion of administrative remedies on any claim regarding the impact of the Orange County detainer on petitioner's confinement.

IT IS FURTHER ORDERED that petitioner's motion for an emergency injunction (Doc. 3) is denied without prejudice.

DATED:  This 2nd day of May 2006, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge