```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**JOSEPH A. HARTMAN,**

                        **Petitioner,**

            **v.**                                    **CASE NO. 06-3116-RDR**

**JUDGE STRICKLAND,**

                        **Respondent.**

### O R D E R

Petitioner, a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN), proceeds pro se and in forma pauperis on a petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner seeks relief from a detainer lodged against him for outstanding criminal charges in Orange County, Florida, in Case No. CR-98-10244. The sole respondent named in the original petition is Orange County District Court Judge Strickland.

Petitioner states he caused a demand for disposition of these criminal charges to be delivered to Orange County officials in April 2005, but was never transported to stand trial on said charges within the 180 day period provided in Article III of the Interstate Agreement on Detainers Act. In his original petition, petitioner seeks dismissal of the Orange County charges and the Florida detainer. He also claims the pending detainer subjects him to the loss of good time and placement in a halfway house, and that his continued confinement in an aggravated hostile environment threatens

his personal safety and causes him emotional distress and severe stress.

By an order dated May 2, 2006, the court noted that to the extent petitioner seeks dismissal of the Orange County charges, such relief must be sought in the appropriate federal judicial district in Florida after first exhausting remedies within the Florida state courts, but that to the extent petitioner challenges the impact of the allegedly invalid Orange County detainer upon his present confinement in the District of Kansas, relief can be pursued in this court if the petition were appropriately amended.

In response, petitioner filed an amended petition naming the USPLVN Warden as a respondent[1] and documented his attempt to exhaust administrative remedies within USPLVN and the Bureau of Prisons. The court finds a response from the USPLVN Warden is required concerning petitioner's claim that he is entitled to the calculation of good time and to placement in a halfway house without any effect being given to the alleged illegal detainer.

Petitioner's motion to supplement his amended complaint with additional exhibits is granted.  Petitioner's motion for an emergency telephone conference, and motion for an emergency injunction to dismiss or stay the Florida detainer, are denied without prejudice.  Petitioner may renew either of these requests

---

[1] Although petitioner also names the Attorney General of Florida as a respondent, and continues to seek in part the dismissal of the pending Florida charges, this respondent and such relief are outside this court's jurisdiction.  Accordingly, the court dismisses the Attorney General of the State of Florida as a respondent in this matter.

after respondent has filed an answer and return.

IT IS THEREFORE ORDERED that the Attorney General of the State of Florida is dismissed as a respondent in the amended petition.

IT IS FURTHER ORDERED that respondent Terrell is granted twenty (20) days to file a response to the amended petition to show cause why the petition for writ of habeas corpus concerning the execution of petitioner's federal sentence should not be granted.

IT IS FURTHER ORDERED that petitioner's motion (Doc. 6) to supplement the amended petition is granted, and that petitioner's motion for an emergency hearing by telephone conference (Doc. 7) and motion for an emergency injunction (Doc. 7) are denied without prejudice.

DATED:  This 12th day of July 2006, at Topeka, Kansas.


    s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge